**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3534
_____

SUZANA VANGJELI,
                              Appellant

v.

CITY OF PHILADELPHIA;
PHILADELPHIA FREE LIBRARY; HR'S
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-01566)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Suzana Vangjeli commenced an action in the District Court, naming as

Defendants the City of Philadelphia (City) and the Free Library of Philadelphia (Library).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Her complaint included claims for gender discrimination, retaliation, harassment, and unequal terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. Appellant's claims arose from her employment as a seasonal municipal guard at the Library. She alleged that she had been discriminated against when, in 2011, two male employees were promoted to full-time positions, but she remained part-time.

Thereafter, the Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). The District Court granted the motion and this appeal followed.[1]

We have appellate jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision to dismiss the complaint under Rule 12(b)(6) de novo. Dique v. N. J. State Police, 603 F.3d 181, 188 (3d Cir. 2010).

First, the District Court properly determined that Appellant's claims against the Library should be construed as claims against the City. See 53 Pa. Stat. Ann. § 16257 (requiring that all suits growing out of the transactions of any department of the City of Philadelphia be in the name of the City). The District Court also correctly noted that to the extent Appellant sought to raise claims against individual employees of the Library or the City, Title VII does not recognize individual employee liability. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc).

---

[1] The District Court subsequently denied Appellant's motion for appointment of counsel.

The District Court also correctly dismissed Appellant's Title VII claims against the City. A plaintiff bringing an employment discrimination claim under Title VII must exhaust her administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Those requirements include filing a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice, or, if the plaintiff initially instituted proceedings with a state agency, within 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1); Burgh v. Borough Council of Montrose, 251 F.3d 465, 472 (3d Cir. 2001).

Although the events at issue here occurred in October 2011, Appellant did not file her EEOC charge until December 2012. Thus, regardless of whether the 180- or 300-day deadline applies, her EEOC charge was untimely filed. The time period for filing a charge is subject to equitable tolling, see Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007), but Appellant did not allege facts supporting equitable tolling in her complaint or in her response to the motion to dismiss. Moreover, even if Appellant had exhausted her administrative remedies, for the reasons identified by the District Court, she failed to state a claim for discrimination, retaliation, harassment, or unequal terms and conditions of employment under Title VII.

Accordingly, we will affirm the judgment of the District Court.[2] We grant

Appellant's motion to expand the record.

---

[2] To the extent Appellant challenges the District Court's decision to deny her motion for appointment of counsel, we perceive no error on the part of the District Court in denying that motion. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).